*In re* JAMES BIGGS (The People of the State of Illinois, Petitioner-Appellee, v. James Biggs, Respondent-Appellant).

Fourth District   No. 4—91—0283

Opinion filed September 30, 1991.

Robert E. McIntire, Public Defender, of Danville (William T. Donahue, Assistant Public Defender, of counsel), for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Respondent James A. Biggs was involuntarily admitted to the Veterans Administration (VA), for a period not to exceed 60 days after the circuit court of Vermilion County found him to be mentally ill, and unable to provide for his own needs so as to guard himself from serious harm. This was apparently an extension of an earlier commitment. (Ill. Rev. Stat. 1989, ch. 91½, par. 3—813.) Respondent ap-

peals, alleging the State did not meet its clear and convincing burden of proof, and error in the failure to appoint counsel until the date of trial. We disagree and affirm.

A petition seeking respondent's involuntary admission was filed on April 3, 1991. Two certificates, a dispositional report and a treatment plan, were filed on the same date. The notice of hearing, also filed on April 3, 1991, set the matter for hearing on April 8, 1991. On that date the case was called for hearing and an assistant public defender was appointed to represent respondent. It is conceded the trial court allowed time before the hearing proceeded for counsel to talk with the respondent and interview the State's witness.

Respondent testified as an adverse witness. In addition to colorful delusions involving his status as a presidential advisor, a prophet, and a developer of sophisticated weapons, respondent also testified to his battle with 7½-foot cannibalistic aliens with the aid of former President Carter. He also believes he is in charge of soldiers who kill enemy soldiers to protect the country. Respondent conceded his need for the medication lithium carbonate, which he willingly takes.

Dr. Noel Johnson, a VA staff psychiatrist, testified and tendered a diagnosis of bipolar disorder as to respondent. He asserted respondent might be in danger from other citizens who would react adversely to his delusions, and might also endanger himself from lack of sleep and proper food as a result of his manic behavior. Dr. Johnson opined respondent's ability to get a meal or go to the grocery store for food would be a "50-50 proposition." He also had not seen respondent act violently but wondered as to whether he might act on some of his false ideas. He opined that respondent was more a danger to himself than to others.

The trial court found there was clear and convincing evidence respondent was mentally ill, suffered from bipolar disorder mania and, as a result, was unable to provide for his own needs so as to guard himself from serious harm. The trial court went on to note, "Specifically, that he is unable to protect himself sufficiently so that if anyone taking exception to some of his delusional views would challenge him and that he would be at serious risk [to] himself."

The petition alleged respondent was subject to involuntary admission because he might reasonably be expected to inflict serious physical harm upon himself or another in the near future, *and* he was unable to provide for his basic needs so as to guard himself from serious harm. (Ill. Rev. Stat. 1989, ch. 91½, pars. 1—119(1), (2).) The trial court found only the second allegation had been proved by clear and convincing evidence. Ill. Rev. Stat. 1989, ch. 91½, par. 3—808.

The record is more than sufficient to support a finding of mental illness, and respondent does not dispute the diagnosis. The evidence is also sufficient to establish respondent is unable to provide for his basic needs so as to guard himself from serious harm.

Dr. Johnson's testimony, while not extensive, supports the trial court's conclusion. The witness suggested some citizens might ridicule or harm respondent in response to his bizarre ideas. He also concluded respondent had a poor prognosis but his behavior could be improved with a longer hospitalization and, if he stayed on his medication, which he characterized as a "big if," he would have far fewer hospitalizations. He also noted the typical course of mania would be false thinking, plus excess physical and nervous energy which leads to exhaustion.

We accord deference to a trial court's decision on involuntary admission. The record supports the conclusion respondent may fail to eat or sleep or take his medication and become exhausted so as to cause himself serious harm. While no evidence was presented that any person has ever physically abused him because of his strange ideas, or verbally assaulted him because of his delusions, the trial court could conclude he was at risk to harm himself or be harmed by others.

The trial court is in the best position to determine credibility and weigh evidence. The trial judge also had the opportunity to see and hear respondent testify about his delusions. No one could question the determination respondent is mentally ill. However, mental illness alone will not justify commitment. (*People v. Lang* (1986), 113 Ill. 2d 407, 498 N.E.2d 1105.) Given respondent's lengthy history of mental illness, his several month stay in the VA hospital prior to hearing, and his previous stay at the same VA hospital in 1989 and 1990 (all of which information is part of the record), the bizarre nature of his testimony, and the psychiatrist's opinion, we believe the trial court's decision to commit respondent was not erroneous.

The trial court also failed to appoint counsel at the time the matter was set for hearing as required by section 3—805 of the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1989, ch. 91½, par. 3—805). The State contends the public defender's office was appointed more than two months prior to the hearing. This assertion is apparently based on a misreading of the common law record. On January 24, 1990, the trial court appointed the public defender's office to represent respondent on a petition for involuntary judicial admission filed January 19, 1990.

The record suggests that petition was never heard on the merits but respondent was nonetheless committed for 60 days. We are unable

to determine what role counsel played in protecting respondent's rights on that petition, but the appointment of counsel on a petition in January 1990 is of no assistance to respondent on another petition in April 1991, the latter being the basis for this appeal.

■ While the record here suggests the assistant public defender did speak to respondent prior to evidence being heard, it also shows counsel was not appointed until the day of the hearing. We conclude respondent suffered no prejudice since his appointed lawyer had enough time to talk to him about an independent psychiatric exam and his right to jury trial, and enough time to briefly interview the psychiatrist witness. However, counsel should be appointed at the time the hearing is set. (Ill. Rev. Stat. 1989, ch. 91½, par. 3—805; *In re Elkow* (1988), 167 Ill. App. 3d 187, 521 N.E.2d 290.) Strict adherence to the Code is necessary to protect the rights of persons involuntarily placed within the mental health system. Appointing counsel on the day of hearing simply invites problems.

We recognize trial judges are not always aware a petition is pending until it is actually called for hearing. The State's Attorney's office files the petition and sends the notice of hearing. We suggest procedures be developed to bring the petition for commitment to the court's attention immediately so counsel can be appointed well in advance of the scheduled hearing. This will permit adequate preparation, better serve respondents whose liberty interests are at stake, and avoid claims of ineffective assistance of counsel. Under the circumstances of this case, we are not prepared to conclude the failure to appoint counsel until the date of trial was sufficiently prejudicial to require reversal.

The judgment of the circuit court of Vermilion County is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.